# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

LAZARO G.M.,[1]
(A Number: 220-309-446)

                    Petitioner,

        v.

CHRISTOPHER CHESTNUT, et al.,

                    Respondents.

Case No.  1:26-cv-02471-JLT-EGC (HC)

**ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL**

**FINDINGS AND RECOMMENDATION TO DISMISS PETITION**

(Docs. 1, 11)

FOURTEEN-DAY DEADLINE

Lazaro G.M. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner is challenging his continued detention.

## FACTUAL SUMMARY

Petitioner is a native and citizen of Cuba.  (Doc. 1 at 4).  Petitioner is currently being detained at the California City Detention Center in California City, California.  (Doc. 1 at 3). On June 4, 2026, an order of removal from the United States became final.  (Doc. 13 at 1, 13-1 at 1–6).  He was taken into ICE custody on January 10, 2026, and has been detained

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

continuously by ICE since that date.

**DISCUSSION**

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution." 28 U.S.C. § 2241(c)(3). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. However, the petition must "allege facts concerning the applicant's commitment or detention," 28 U.S.C. § 2242, and the petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990); *United States v. Poopola*, 881 F.2d 811, 812 (9th Cir. 1989).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to make a preliminary review of each petition for writ of habeas corpus. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).

In the instant case, it appears Petitioner is claiming that they are being indefinitely detained by ICE in violation of their Constitutional rights. This issue was addressed by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, the U.S. Supreme Court found that the habeas corpus statute grants federal courts the authority to determine whether post-removal-period detention is pursuant to statutory authority. *Id.* at 678. In addition, the Court held that the Immigration and Nationality Act's (INA) post-removal-period detention statute does not permit indefinite detention but "implicitly limits an alien's detention to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689. When faced with making such a determination, the Court must consider "the basic purpose of the statute, namely assuring the alien's presence at the moment of removal." *Id.* at 699. In addition, the Court must take appropriate account of the Executive Branch's "greater immigration related expertise," the Bureau's "administrative needs and concerns," and the

2

"Nation's need to speak with one voice on immigration." *Id.* at 700. The Supreme Court attempted to limit those occasions when the federal court would need to make such "difficult judgments" by setting a "presumptively reasonable period of detention" of six months. *Id.* at 701. The burden is on the noncitizen to show that there is no reasonable likelihood of repatriation. *Id.* ("This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."). After six months and once a noncitizen makes a showing that there is no "significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* However, where an noncitizen seeks release prior to the expiration of the presumptive six-month period, his claims are unripe for federal review. *See Abbott Lab'ys, Inc. v. Gardner*, 387 U.S. 136, 148- 49 (1967) ("[The ripeness doctrine's] basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.").

In this case, Petitioner has remained in the custody of ICE since January 10, 2026. However, it was only after June 4, 2026, that Petitioner's removal order became final. (Doc. 13 at 1). Following a final order of removal, the government has ninety days to remove Petitioner. 8 U.S.C. § 1231(a)(6). If removal is not achieved within this period, the Petitioner can challenge their continued detention after six months have elapsed, provided that removal is no longer reasonably foreseeable. *Zadvydas*, 533 U.S. at 701. As it stands, Petitioner's current detention is still within the ninety-day period of detention. Petitioner's allegation alone is, therefore, insufficient to overcome the presumption of reasonableness of the six-month period and his claims of constitutional violations are not ripe for review. Should Petitioner's detention continue past the six-month presumptive period, he may re-file the instant federal action and obtain review. At that time, however, Petitioner must provide "good reason to believe that there

is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

///

**ORDER**

On June 4, 2026, Petitioner requested the appointment of counsel. (Doc. 11). Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." *See* Rule 8(c), Rules Governing Section 2254 Cases. Insofar as the undersigned is recommending the petition be denied due to ripeness, the undersigned does not find that the interests of justice require appointment of counsel at the present time.

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that the habeas corpus petition, (Doc. 1), be DISMISSED without prejudice.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth

Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

///

IT IS SO ORDERED.

Dated:   **July 15, 2026**

UNITED STATES MAGISTRATE JUDGE